JIM LOGAN v. THE STATE.

CRIMINAL LAW. *Indictment. Assault with intent to commit murder in the first degree.* An indictment which alleges all the requisites that constitute the offense of an assault with intent to commit murder in the first degree, omitting the words "in the first degree," is good.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. J. E. R. RAY, J.

A. H. DOUGLASS and T. H. LOGWOOD for Logan.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The indictment against the plaintiff in error is for an assault by shooting with a pistol the body of the prosecutor, with intent, wilfully, unlawfully, feloniously, deliberately, premeditatedly, and of his malice aforethought, to kill and commit murder in and upon the body of the prosecutor.

The verdict of the jury was: "We find the defendant guilty as charged of an assault with intent to commit murder in the first degree, and fix his punishment at five years in the penitentiary."

The prisoner's motion for a new trial being overruled, he appealed in error.

The bill of exceptions contains the testimony, but not the charge of the court. The only errors relied

Logan v. State.

on are, that the verdict is not a response to the indictment, and is not sustained by the evidence.

In *Barr* v. *State*, Quarles' Digest, 72, overruling *Harrison* v. *State*, 2 Col., 232, to the contrary, it was held that an indictment for an assault with intent to commit murder in the first degree, in the words of the statute creating the offense, was not sufficient. It was deemed necessary to allege all the requisites that constitute the offense. In the present indictment all the technical phrases and expressions required to be used to express the precise idea which the law entertains of the specific offense of the statute, are actually employed, and the jury has expressly found the defendant guilty of that offense. We think this is sufficient. Code, sec. 5114. The proof shows that the prosecutor and the defendant were the servants employed at a hotel, the defendant being in charge of the pantry, and the prosecutor a waiter. They had a quarrel about the middle of the day, in which the prosecutor expressed his unwillingness to have a difficulty in the hotel, but said he would settle with him in the street. The prosecutor left the hotel, and returned when supper was on the table. In discharge of his duties as waiter, he went to the pantry for the purpose of getting two egg glasses, and taking them up with his right hand, he placed them on a waiter held with his left hand, or in his left hand. As he started out of the room he seems to have looked at the defendant in a threatening way, who asked him why he was looking at him in that way. The prosecutor, turning his face toward the prisoner,

replied with an oath that it was none of his business. He was unarmed, but his hand was hanging down by his side, and, as he spoke, the only witness present thought he moved his right hand back as if reaching for something, at which the defendant caught him by the right arm and said, give me that pistol. The prosecutor replied that he had none. The defendant said again, give up your pistol, and shot him twice, and snapped the pistol at him a third time. One shot took effect in the prosecutor's body, and the other in his leg. The attack with such a weapon, under such circumstances, might well justify the jury, under a proper charge, in finding the verdict they did. *Davidson* v. *State*, 9 Hum., 459.

Affirm the judgment.